Sidney **MASON** & Bertram Mason, a minor, by Sidney Mason, His Guardian, Appellants,

v.

**G. & W. H. CORSON, Inc.**

No. 11757.

United States Court of Appeals Third Circuit.

Argued Feb. 21, 1956.

Decided March 7, 1956.

J. Victor O'Brien, Philadelphia, Pa. (Nochem S. Winnet, Nathan L. Posner, Fox, Rothschild, O'Brien & Frankel,

Philadelphia, Pa., on the brief), for appellants.

Thomas Raeburn White, Jr., Philadelphia, Pa., White, Williams & Scott, Philadelphia, Pa., on the brief), for appellee.

Before MARIS, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

The plaintiffs appeal from a judgment entered by the district court for the Eastern District of Pennsylvania on a directed verdict for the defendant in an action to recover damages for personal injuries to the minor plaintiff alleged to have been sustained because of the negligence of the defendant. The minor plaintiff was injured by the explosion of a dynamite cap which he found in a public park where it had been hidden by two boys who had previously stolen it from a magazine on defendant's quarry property. The magazine was placed more than 300 feet back from adjoining streets. It was constructed of wood with a metal door which was fastened by means of a metal hasp fitting over a metal staple with a Yale padlock of standard construction. A sign stating "Explosives 300 feet back from road" was posted on a tree by the nearest street and the magazine bore a sign stating: "Danger, Explosives, Keep Out". The two boys just mentioned walked onto the defendant's land and seeing the sign on the tree went to the magazine containing dynamite caps and an adjoining one containing dynamite in sticks, broke the padlocks with an iron bar which they picked up nearby, opened the magazines and took from one of them a stick of dynamite. They then hung the broken padlocks back in the staples. Later that day or the next they returned and finding the magazines still unlocked they removed two cases of dynamite and a couple of handfuls of caps and secreted them in the neighborhood, later placing several dynamite caps in the park where one of them was subsequently found by the minor plaintiff and detonated to his serious injury.

The defendant moved for a directed verdict on the ground that there was no evidence tending to show negligence on its part. The plaintiff argued, however, that the jury should have been permitted to find on the evidence, a brief summary of which we have given, that the defendant was negligent in failing to keep its dynamite caps securely locked and in failing to inspect the magazine between the boys' two visits and discover that the lock had been broken. In passing upon the defendant's motion for a directed verdict the trial judge said:

"I am satisfied on the testimony that has been presented that reasonable men can't differ as to the fact that there was no unreasonable risk of harm in what this defendant did, or that a reasonable man in the defendant's situation should have protected his dynamite any differently. I am unable to think of any precautions, reasonable precautions, that should have been taken which this defendant did not take. It is not the case of an attractive nuisance. I think that is one ground on which it could probably be distinguished from Stewart v. United States, 7 Cir., 1951, 186 F.2d 627, which was cited here, although I have grave doubts as to the wisdom of the Stewart decision and as to whether it would hold good in Pennsylvania. It was decided under the law of Illinois. There was a negligent violation of a statute in that case, among other things, and I know that in the Stewart case the court said that regardless of the statute there was negligence, but in that case there was a situation where the defendant labelled their explosives 'Fireworks,' which did make them attractive to young people, to children.

"Now, this defendant in this case did absolutely nothing to invite or provoke the theft of his dynamite. Although we hear a good deal about juvenile delinquency, I don't think we have reached a point that a man must assume that 15-year-old and

16-year-old boys will steal anything that they can get their hands on even if they have to break open locks to do it. So I don't think that it was a risk which could have been reasonably anticipated, namely, that boys of that age, not mere children, but boys of the age where they thoroughly appreciated the nature and character of what they were doing and the character of the explosives, would break into that magazine, that they would come back later and take away the dynamite and hide it somewhere in a place where a younger child would get hold of it and thereby cause an injury to the child.

"What I have to say doesn't impair in any way the conception of the duty of a person who deals with explosives on his land to guard against dangers to children that can reasonably be foreseen. All that I say is that this was a danger that was not reasonably to be foreseen, and I therefore direct that the jury bring in a verdict in favor of the defendant in this case."

The examination which this court has made of the evidence satisfies us that in so directing the trial judge was right, for the reasons which he stated.

The judgment of the district court will be affirmed.